# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FRANCISCO SALCEDO and MARIA
TOVAR SALCEDO, individuals,

     Plaintiffs,

v.

BANK OF AMERICA, N.A., *et al.*,

     Defendants.

Case No. 2:14-CV-01669-KJD-GWF

**ORDER**

Presently before the Court is Defendant's Motion to Enforce Settlement Agreement and to Dismiss Complaint (#18).  Plaintiff filed a response in non-opposition (#20) to which Defendant replied (#22).

I. Facts

This action arises from a mortgage loan (the **Loan**) that Plaintiffs obtained in relation to the subject real property located in Clark County, Nevada.  Bank of America, N.A. (BANA) services the Loan.  According to Plaintiffs, BANA failed to properly implement an agreement to modify the Loan. See Complaint (#1, Ex. 1).

On December 10, 2014, the parties reached an agreement to settle all of Plaintiffs' claims. See Affidavit of William Habdas (#19, Ex. 1). On that date, BANA's counsel sent Plaintiffs' counsel a copy of the proposed settlement agreement via e-mail. Id.  Plaintiffs' counsel agreed to the terms of the settlement on that same day by stating in an e-mail that the proposed settlement agreement "looks good." Id. Accordingly, BANA executed the settlement agreement on December 18, 2014. Id., at Ex. 2.  To date, however, Plaintiffs have not executed the settlement agreement to which they agreed. BANA's counsel requested that Plaintiffs execute the agreement on December 18, 2014. See Affidavit (#18, Ex. 1).

1   On January 8, 2015, Plaintiffs' counsel indicated that he thought he had sent the signed

2   settlement agreement to BANA's counsel and could re-send. Id., at Ex. C. On January 15,

3   2015, however, Plaintiffs' counsel sent counsel for BANA an e-mail which stated that his clients

4   would not sign the settlement agreement. Id., at Ex. D. This same e-mail stated that the

5   settlement was "a done deal," and that Plaintiffs' counsel would withdraw from the case if his clients

6   would not agree to the settlement. Id.  BANA's counsel continued to follow up with Plaintiffs'

7   counsel regarding the status of the settlement agreement. Id.

8   On February 24, 2015, Plaintiffs' counsel advised counsel for BANA that his clients had

9   signed the settlement agreement. Id.  BANA, however, did not receive a copy of the fully executed

10   agreement, and BANA's counsel continued to follow up with Plaintiffs' counsel through

11   the months of April and May regarding the status of the settlement agreement. Id. On April 27, 2015,

12   Plaintiffs' counsel advised that there had likely been some confusion, and Plaintiffs

13   had not executed the agreement after all. Id. BANA's counsel continued to follow up with

14   Plaintiffs' counsel regarding the status of Plaintiffs' signatures and in mid-May, 2015, Plaintiffs'

15   counsel advised that he thought he could have his clients execute the agreement within the next

16   seven days. Id. Plaintiffs, however, did not execute the agreement at that time. On June 17, 2015,

17   Plaintiffs' counsel advised that Plaintiffs were going to his office that day, and he would try to get

18   them to sign the agreement. Id.

19   Since June 17, 2015, counsel for BANA has attempted to contact Plaintiffs' counsel to

20   inquire as to the status of the signed settlement agreement but has not received a response to these

21   inquiries. Id., at Ex. 1.  As a result, BANA now files this motion seeking to enforce the terms of the

22   settlement agreement and dismiss this case with prejudice.

23   II.  Analysis

24   The trial court has inherent authority to enforce settlement agreements between parties in

25   pending cases.  See Metronet Servs. Corp. v. U.S. West Comm'n, 329 F.3d 986, 1013-14 (9th Cir.

26   2003).   The Ninth Circuit has recognized that "it is now well established that the trial court has

2

1   power to summarily enforce on motion a settlement agreement entered into by the litigants while the

2   litigation is pending before it." In re City Equities Anaheim, 22 F.3d 954, 957 (9th Cir.

3   1994)(internal quotations omitted).

4       A settlement agreement is binding when the parties have a meeting of the minds as to all

5   essential terms to resolve the case. See May v. Anderson, 119 P.3d 1254, 1258 (Nev. 2005). A

6   settlement agreement need not be memorialized by a signed release to be enforceable. Id. at 1259.

7   In May, the Nevada Supreme Court found:

8           Because a settlement agreement is a contract, its construction and enforcement
            are governed by principles of contract law. Basic contract principles require,
9           for an enforceable contract, an offer and acceptance, meeting of the minds,
            and consideration . . . A contract can be formed . . . when the parties have
10          agreed to the material terms, even though the contract's exact language is not
            finalized until later. Id. at 1257.

11

12      Here, the same essential facts exist as in May: (1) the parties agreed upon the essential terms

13   of the settlement; (2) plaintiff's counsel had authority to bind plaintiff; and (3) plaintiff's counsel

14   accepted the terms of the settlement offer by responding in writing that the agreement "looks good,"

15   later confirming that the settlement was a "done deal" and that he would withdraw from the case if

16   his clients refused to sign. Therefore, there is a binding settlement. Id. at 1258-59. BANA made an

17   offer with terms, Plaintiffs' counsel had authority to bind Plaintiffs and accepted the offer.

18      This Court has applied May to enforce settlement agreements in situations similar to the facts

19   in this case. See Singh v. Reed, 551 F. App'x. 927, 929 (9th Cir. 2014) (affirming court's order

20   enforcing settlement agreement and finding that the plaintiff's signature "was not a precondition to

21   the enforcement of the agreement" when the parties had agreed on the essential terms of the

22   agreement); Young v. Sierra Pac. Power Co., 2011 WL 4346562, at 3 (D. Nev. Sept. 14, 2011). In

23   Young, the defendant offered to pay plaintiff $10,000 and provide certain other employment benefits

24   in exchange for dismissal of an employment law action and execution of a release. In response, the

25   plaintiff's attorney told defense counsel, "[w]e have a deal." Id. at 1. Defense counsel then faxed

26   over a settlement agreement containing the agreed upon terms, but plaintiff refused to sign it. Id. The

3

1  defendant moved to enforce the terms of the agreement. Applying <u>May</u>, this Court granted the

2  motion on the grounds that the parties had agreed to the material terms of the settlement. <u>Id.</u> at 2-3.

3       Here, the parties agreed not only on the material terms of the agreement but also on the

4  formal agreement incorporating those terms.  Under Nevada law, the parties have a valid and

5  enforceable settlement and agreement.

6  <u>III.  Conclusion</u>

7       Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Enforce Settlement

8  Agreement (#18) is **GRANTED**.

9       **IT IS FURTHER ORDERED** that Defendant's Complaint is dismissed with prejudice.

10       DATED this 29th day of February 2016.

11

12

13                                    _____

Kent J. Dawson

14                                    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

4